UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YESENIA CORCHO,**

        **Plaintiff,**

v.                                                                                         Case No: 6:25-cv-1082-JSS-DCI

**BANK OF AMERICA, N.A.,**

        **Defendant.**

_____

## ORDER

Plaintiff Yesenia Corcho (Corcho), proceeding *pro se*, filed the instant motion seeking "permission to file and receive documents electronically through the CM/ECF system for the duration of this case." Doc. 49 at 1 (the Motion). As will be explained, the Motion is due to be **GRANTED IN PART**.

In the Motion, Corcho represents that filing documents "by mail or in person . . . has caused delays in docketing and receipt of filings and has hindered timely participation in litigation events." Doc. 49 at 1. Corcho asserts that, "Good cause exists here due to repeated delays associated with physical filing and the need for timely service and notice during active litigation." *Id.*

On August 1, 2025, the Middle District of Florida discontinued the web portal—an electronic filing platform for *pro se* litigants.[1] Now, "[a]bsent a court order, a pro se litigant is not

---

[1] *See* United States District Court Middle District of Florida, *Lawyer Web Portal*, https://apps.flmd.uscourts.gov/cmecf/filings.cfm (last visited on Oct. 17, 2025) ("Litigants without lawyers are not permitted to submit filings through the court's web portal. Instead, litigants without lawyers must submit filings in person, by U.S. Mail, or by other delivery service."); *see also Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025) ("Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended.").

permitted to file documents in CM/ECF." United States District Court Middle District of Florida, *Administrative Procedures for Electronic Filing*, at B(4) (Nov. 18, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Corcho has not shown extenuating circumstances or good cause to authorize her access to file via CM/ECF. Since the Court's discontinuation of the *pro se* Web Portal on August 1, 2025, Corcho has made several filings on the docket and participated in this case without CM/ECF access. *See e.g.,* Docs. 16, 17, 18, 21, 29, 30, 31, 38, 39, 45, 49, 51, 52, 55, 56. Further, the Court is not convinced that the filing of future documents in person, by U.S. Mail, or by other delivery service will be unduly burdensome and prejudicial. All *pro se* parties filing in this district are subject to the limitations inherent in paper filing, and the Federal Rules of Civil Procedure account for such processing time by adding three days to the applicable deadlines. *See* Fed. R. Civ. P. 6(d) (citing Rules 5(b)(2)(C) and 6(a)). Accordingly, The Court is not persuaded that CM/ECF filing access is necessary for Corcho to litigate this matter.

That said, the Court in its discretion may grant a *pro se* party permission to receive electronic notification of filings.[2] *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, 2023 WL 4947933 (M.D. Fla. Aug. 3, 2023) (authorizing electronic notification of filings for a pro se litigant). Parties that receive notice of electronic filing receive "an email confirmation of the filing that is sent to each E-filer of record in the case and to any other individual authorized by the Court to receive electronic notifications of case filings." *Admin. Proc. for Elec. Filing*, at D(1). Further, "[a] non-sealed document filed electronically can be viewed for the first time for free from the document link within the [notice]. The hyperlink expires after the earlier of two events: the first use or 15 days after the [notice] is emailed," after which a party must access PACER—and pay the required fees—to view a document. *Id.* at D(2). It is recommended that a party obtaining a document in this manner open the document and save it for future use, as the document may be accessed for free only during the first view. Thus, Corcho's request to receive email notification via CM/ECF is well-taken and will be granted.

To the extent Corcho seeks access to the electronically maintained docket system known as "PACER," "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]" *Rothschild v. Anywhere Advisors LLC*, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's Guide for Proceeding Without a Lawyer provides:

> If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents in a case. To register, go to the PACER registration page on the PACER website (www.pacer.gov) or call (800) 676-6856. Using PACER may cost $.10 a page for viewing or printing. PACER will give you details when you register. Problems with PACER should be addressed to PACER, not to the court.

---

[2] Corcho may also consent to receive electronic service from other parties in this case by filing a notice of consent to electronic service. *See* Fed. R. Civ. P. 5(b)(2)(E).

United States District Court Middle District of Florida, *Guide for Proceeding Without a Lawyer*, p. 13 (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf ).

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 49) is **GRANTED IN PART** to the extent that Corcho seeks authorization to receive electronic notification of filing;

2. **DENIED without prejudice** in all other respects; and

3. The Clerk is directed to add Corcho's email address, Cubaroseay27@gmail.com, to CM/ECF in this matter.

**ORDERED** in Orlando, Florida on January 5, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties