**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YESENIA CORCHO,**

      **Plaintiff,**

**v.**                                       **Case No: 6:25-cv-1082-JSS-DCI**

**BANK OF AMERICA, N.A.,**

      **Defendant.**

_____

## ORDER

Before the Court are four motions, three of which are related to discovery:

- Plaintiff's Motion to Compel Initial Disclosure (Doc. 85);

- Plaintiff's Motion for Extension of Time to Complete Discovery and Postpone Deposition (Doc. 87);

- Defendant's Motion for Protective Order from Untimely Discovery (Doc. 84); and

- Motion for PACER Fee Waiver (Doc. 90).

Some limited procedural history is necessary for the context of the Court's ruling on the motions. Plaintiff filed this case in June 2025. Doc. 1. In conjunction with the Complaint, Plaintiff sought leave to proceed in forma pauperis and to proceed by written submission only, asking the Court to excuse any in-person appearances due to financial hardship. Docs. 2, 3. The Court denied both motions (Docs. 4, 28) and denied Plaintiff's subsequent request to appear only through written submissions or via remote means due to financial hardship. Docs. 8, 19.

On September 17, 2025, Plaintiff paid the filing fee and filed the Amended Complaint. Doc. 31. Plaintiff has never obtained leave to proceed in this case in forma pauperis.

Plaintiff also filed a motion seeking "permission to file and receive documents electronically through the CM/ECF system for the duration of this case." Doc. 49. The Court granted that motion in part, allowing Plaintiff to receive electronic service of documents in this case through CM/ECF. Doc. 61. To the extent the motion requested access to PACER, the Court explained that:

> Parties that receive notice of electronic filing receive "an email confirmation of the filing that is sent to each E-filer of record in the case and to any other individual authorized by the Court to receive electronic notifications of case filings." Admin. Proc. for Elec. Filing, at D(1). Further, "[a] non-sealed document filed electronically can be viewed for the first time for free from the document link within the [notice]. The hyperlink expires after the earlier of two events: the first use or 15 days after the [notice] is emailed," after which a party must access PACER—and pay the required fees—to view a document. Id. at D(2). It is recommended that a party obtaining a document in this manner open the document and save it for future use, as the document may be accessed for free only during the first view.

Doc. 61 at 3. The Court provided further information concerning PACER access, but denied the motion to the extent it sought other relief regarding PACER. *Id*. at 3-4. In sum, Plaintiff already has access to a free, electronic copy of the filings in this case via PACER, provided Plaintiff follows the Court's direction.

On October 22, 2025, the Court entered the Case Management and Scheduling Order. Doc. 50 (the CMSO). In the CMSO, the Court set the deadline for "Initial Disclosures" as October 31, 2025 and set the "Discovery and Discovery Related Motions Deadline" as February 27, 2026. *Id*. at 1. The Court warned that: "Parties who elect to forego discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of court, will not be entitled to an extension of the deadlines set forth in this order." *Id*.

In addition, several of Plaintiff's motions have been denied and filings stricken due to failures to comply with the rules and orders of this Court. *See* Docs. 40 (denying motion for failure

to comply with Local Rules 1.08 and 3.01(g)); 48 (denying motion for a failure to comply with Local Rule 3.01(g)); 60 (striking an amended pleading); 66 (striking an amended pleading as untimely); 79 (denying a motion for a failure to comply with Local Rule 1.08); 80 (denying a motion for a violation of Local Rule, 3.01(b) and due to it being improperly signed in violation of Rule 11(a)); 81 (denying a motion due to it being improperly signed in violation of Rule 11(a)).

On March 9, 2026, the Court granted a defense motion and compelled Plaintiff to appear for a deposition on or before March 23, 2026.  Doc. 82.

Later on March 9, 2026, Plaintiff filed the instant discovery motions, seeking to compel discovery, to extend the discovery deadline, and to postpone the deposition.  Docs. 85, 87.  To the extent Plaintiff seeks to compel discovery, the Motion is untimely pursuant to the CMSO.  To the extent Plaintiff seeks to extend the discovery deadline, Plaintiff has not satisfied the good cause requirement of Federal Rule of Civil Procedure 16(b)(4).[1]  Nor has Plaintiff explained with particularity what discovery Plaintiff seeks to conduct during an extended discovery period or, more importantly, why that discovery (including any necessary motion practice) could not have been completed within the existing, expired discovery period.  As to the request to postpone the deposition, Plaintiff complains that Plaintiff should not be compelled to testify "without first seeing the evidence against her."  Doc. 87 at 2.  But Plaintiff brought this case, and it is her burden to prove her claims, not Defendant's.  Regardless, to the extent Plaintiff desired discovery prior to being deposed, she could have obtained discovery during the discovery period, but she did not.

---

[1] A case management and scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.").

Finally, as alternative and additional bases to deny both Plaintiff's motions, they fail to comply with Federal Rule of Civil Procedure 11(a) and Local Rule 1.08.  Every pleading and written motion must be signed "by a party personally" if the party is proceeding *pro se* and must include "the signer's address, e-mail address, and telephone number."  Fed.R.Civ.P. 11(a).  If the plaintiff fails to meet these requirements, the court "must strike [the] unsigned paper" unless the plaintiff timely amends.  Plaintiff has not been permitted to file electronically, so Plaintiff must comply with Rule 11(a).  *See also Sistrat v. Elite Auto Services of Orlando, LLC*, 2022 WL 18774221, at *3-4 (M.D. Fla. June 7, 2022) (finding that pleadings submitted electronically by *pro se* litigants via the CM/ECF system must adhere to the Middle District of Florida's Administrative Procedures for Electronic Filing).[2]  Here, Plaintiff uses the "/s/ [first and last name]" format without having leave to file electronically.  Any future filings should include Plaintiff's hand-written signature.  And despite repeated orders, Plaintiff continues to flout the Court's formatting requirements found in Local Rule 1.08.

As to Defendant's motion for protective order from further discovery, Defendant claims that Plaintiff has served discovery after the discovery deadline.  Doc. 84.  In response, Plaintiff claims that she should be permitted to conduct discovery now because the circumstances that led to her late discovery requests were caused by Defendant's failure to participate in discovery.  Doc. 89.  But the Court has already denied the request to extend the discovery deadline.  And to the extent Plaintiff had concerns about Defendant's participation in discovery, those concerns were

---

[2] The Middle District of Florida's Administrative Procedures for Electronic Filing currently require that electronic signatures must be signed "/s/ [first and last name]"; appear as an electronic image of the e-filer's signature; or appear on a scanned document bearing the party's original ink signature.

required to be properly raised prior to the CMSO's "Discovery and Discovery Related Motions Deadline." Discovery is closed, and, as such, Defendant's motion is due to be granted.

As to the Plaintiff's PACER fee waiver motion, Plaintiff currently receives electronic notifications and the concomitant free copy of documents via PACER. To the extent Plaintiff seeks reconsideration of the Court's prior order on this issue, Plaintiff has neither identified nor met the standard for reconsideration of that order. Further, Plaintiff has never received permission to proceed as a pauper in this case, and Plaintiff paid the filing fee. Finally, it appears from Plaintiff's motion that she seeks to utilize PACER to access court dockets beyond this case as a form of legal research. She provides no legal justification for the use of PACER in that manner.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Compel Initial Disclosure (Doc. 85) is **DENIED**;

2. Plaintiff's Motion for Extension of Time to Complete Discovery and Postpone Deposition (Doc. 87) is **DENIED**;

3. Defendant's Motion for Protective Order from Untimely Discovery (Doc. 84) is **GRANTED**; and

4. Motion for PACER Fee Waiver (Doc. 90) is **DENIED**.

**ORDERED** in Orlando, Florida on March 25, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties